United States Court of Appeals,

Eleventh Circuit.

No. 97-3563.

Linda Ligertwood WILSON, Plaintiff-Counter-Defendant-Appellee,

v.

Richard A. STRONG, Defendant-Counter-Claimant,

Loretta MAGEE, Defendant-Appellant,

HILLSBOROUGH COUNTY;  Department of Animal Services;  and Cal Henderson, Hillsborough County Sheriff, Defendants.

Sept. 28, 1998.

Appeal from the United States District Court for the Middle District of Florida.  (No. 95-2055-Civ-T-26A), Richard A. Lazzara, Judge.

Before TJOFLAT, COX and HULL, Circuit Judges.

HULL, Circuit Judge:

Appellee Linda Ligertwood Wilson brought this action alleging, *inter alia,* that Appellant Loretta Magee, an animal control officer in Hillsborough County, Florida, and Hillsborough County Sheriff's Deputy Richard A. Strong ("Deputy Strong") violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution.[1]  Magee and Deputy Strong moved to dismiss Wilson's claims based on qualified immunity, and the district court denied their motions. Magee appeals the district court's ruling that she was not entitled to qualified immunity.  After review, we reverse.

I. FACTS

---

[1]Wilson also brought other claims against these and other defendants, but these other claims are not relevant to this appeal.

Magee and Deputy Strong dispute Wilson's version of the facts. However, in reviewing the denial of a motion to dismiss, we are required to accept the following factual allegations in Wilson's complaint as true.

On the evening of July 12, 1993, Magee and Deputy Strong arrived at Wilson's home to investigate a complaint regarding unleashed dogs running loose in the neighborhood. A complainant had informed authorities that dogs fitting the description of the unleashed dogs resided at Wilson's home. Upon arriving at Wilson's home, Magee and Deputy Strong informed Wilson and Emma Ligertwood, another occupant of the home, that they were there to investigate a complaint. However, Magee and Deputy Strong did not identify the nature of the complaint. Instead, Magee and Deputy Strong began asking questions about dogs, and asked whether they could observe any dogs living in or around the house.

Wilson and Ligertwood related to Magee and Deputy Strong that they were uncomfortable answering questions to officers who refused to identify the nature of the complaint they were investigating, but the questioning persisted. Wilson and Ligertwood ultimately felt pressured to allow Magee and Deputy Strong to inspect the dogs in the house. Wilson informed Magee and Deputy Strong that the dogs belonged to a third person who was not present, and that the dogs always were kept in the house or fenced in on the property and that they never roamed freely in the neighborhood.

After observing the dogs, Deputy Strong demanded identification from Wilson and Ligertwood and threatened to arrest them if they did not comply and accept citations on unleashed dog charges. At this point, Wilson withdrew into her home and called the Hillsborough County Sheriff's Office to request assistance. A Sheriff's Office representative informed her that a supervisor would be notified and dispatched to the premises.

Wilson returned to the front door and informed Ligertwood, Magee, and Deputy Strong what she was told over the telephone. According to Wilson's allegations, Deputy Strong, without warning, entered the house through the front door, grabbed Wilson, forced her to leave her home, handcuffed her, and arrested her. Deputy Strong put Wilson in the back of his patrol car. Wilson's complaint alleges that Magee then wrote citations, but the complaint does not allege what offenses were charged in the citations. Wilson's complaint does allege that Wilson subsequently was taken to the Hillsborough County Jail and that at the jail Wilson was charged with interfering with an animal control officer, resisting arrest without violence, and battery on a law enforcement officer. At this juncture, the record does not reveal the disposition of these charges.[2]

Wilson subsequently filed suit alleging that Magee and Deputy Strong's actions violated her rights under the Fourth and Fourteenth Amendments. Magee and Deputy Strong each filed motions to dismiss Wilson's claims against them in their individual capacities based on qualified immunity. The district court denied the motions, finding Magee and Deputy Strong's arresting Wilson violated her clearly established constitutional rights. Magee appeals that ruling.

## II. DISCUSSION[3]

A. *This Court Has Jurisdiction To Review The District Court's Denial Of Magee's Qualified Immunity Defense*

In reviewing a motion to dismiss based on qualified immunity, the district court is required to accept the factual allegations in the plaintiff's complaint as true and draw all reasonable inferences

---

[2]Wilson's original complaint alleges that all the charges against her were dismissed. However, Wilson's second amended complaint, at issue here, does not allege that the charges were dismissed. Wilson's second amended complaint also does not allege that Wilson was cited for any unleashed dog violations.

[3]This court reviews a district court's denial of a motion to dismiss a complaint on the basis of qualified immunity *de novo. Flores v. Satz,* 137 F.3d 1275, 1277 (11th Cir.1998).

in favor of the plaintiff. *Nolen v. Jackson,* 102 F.3d 1187, 1190 (11th Cir.1997). Thus, the only issue before the district court here was whether the plaintiff's allegations set forth a violation of a clearly established constitutional right. It is well settled that this is an issue of law. *See Behrens v. Pelletier,* 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Cottrell v. Caldwell,* 85 F.3d 1480, 1484 (11th Cir.1996). Consequently, the district court's order in this case is an appealable final order.

B. *General Qualified Immunity Principles*

Qualified immunity shields a § 1983 defendant from liability for harms arising from her discretionary acts, so long as her acts do not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Jenkins by Hall v. Talladega City Bd. of Educ.,* 115 F.3d 821, 823 (11th Cir.) (en banc), *cert. denied,* --- U.S. ----, 118 S.Ct. 412, 139 L.Ed.2d 315 (1997); *Lassiter v. Alabama A & M Univ.,* 28 F.3d 1146, 1149 (11th Cir.1994) (en banc). To be clearly established, the contours of an asserted constitutional right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Williams v. Alabama State Univ.,* 102 F.3d 1179, 1182 (11th Cir.1997). "[I]n the light of pre-existing law, the unlawfulness must be apparent." *Anderson,* 483 U.S. at 640, 107 S.Ct. 3034; *Madiwale v. Savaiko,* 117 F.3d 1321, 1324 (11th Cir.1997).

The Supreme Court and this court have stated that a plaintiff cannot strip a § 1983 defendant of her qualified immunity by citing to general rules or abstract rights. *See Anderson,* 483 U.S. at 639, 107 S.Ct. 3034; *Walker v. Schwalbe,* 112 F.3d 1127, 1132 (11th Cir.1997) ("Plaintiffs may not

discharge their burden [of showing that a right is clearly established] by referring to general rules and abstract rights."), *cert. denied,* --- U.S. ----, 118 S.Ct. 1794, 140 L.Ed.2d 935 (1998). "Qualified immunity focuses on the actual, specific details of concrete cases." *Id.* (citing *Lassiter,* 28 F.3d at 1149-50).

C. *Magee's Acts Did Not Violate Wilson's Clearly Established Rights*[4]

Wilson's complaint alleges that Magee and Deputy Strong violated her rights under the Fourth Amendment. Although Wilson failed to articulate which of her Fourth Amendment rights were violated, the district court concluded that Wilson's complaint-specifically, the allegations that Deputy Strong entered her home, grabbed her, forced her to leave her home, handcuffed her, and arrested her-were sufficient to state violations of Wilson's right to be free from arrest without probable cause and her right not to be arrested in her home without an arrest warrant (absent sufficient exigent circumstances). *See Welsh v. Wisconsin,* 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984); *Payton v. New York,* 445 U.S. 573, 576, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *Shadwick v. City of Tampa,* 407 U.S. 345, 350, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972). The district court further concluded that these rights were clearly established so that Magee and Deputy Strong should have been aware that their actions violated Wilson's constitutional rights under the circumstances. With respect to Magee, we disagree.

In concluding that Magee was not entitled to qualified immunity, the district court relied solely on Deputy Strong's conduct. However, it is axiomatic that a § 1983 defendant cannot be stripped of qualified immunity unless "*what [s]he is doing* violates [a clearly established] right." *Anderson,* 483 U.S. at 640, 107 S.Ct. 3034 (emphasis supplied). Wilson's complaint contains no

---

[4]The parties do not dispute that Magee and Deputy Strong were acting within their discretionary authority at all relevant times.

allegation that Magee entered her home, or that Magee made any physical contact with her, or that Magee handcuffed her or placed her in Deputy Strong's patrol car, or that Magee told Deputy Strong to do any of the foregoing. In short, Deputy Strong, and *not* Magee, effectuated Wilson's allegedly unlawful arrest. Magee only witnessed the arrest. Indeed, as an animal control officer, Magee has no authority to arrest.[5] Also, Magee's ministerial actions of writing the citations after Wilson was placed in Deputy Strong's patrol car did not make Magee a co-arresting officer in this particular arrest.

Wilson attempts to avoid the crucial fact that Magee did not arrest her by alleging that Magee had a clearly established constitutional duty to intervene to halt Deputy Strong's actions. For this proposition, Wilson relies almost exclusively on the Sixth Circuit's decision in *Durham v. Nu'Man,* 97 F.3d 862 (6th Cir.1996), *cert. denied sub nom. Glover v. Durham,* --- U.S. ----, 117 S.Ct. 1337, 137 L.Ed.2d 496 (1997). There, the Sixth Circuit held that a hospital nurse-whose complaints about a patient ultimately led to the patient's being beaten by hospital security guards-had a clearly established constitutional duty to intervene to halt the beating. *Id.* at 868. Wilson argues that similar to the nurse in *Durham,* Magee should be held liable for Deputy Strong's conduct because Magee initiated the investigation which ultimately led to Deputy Strong's actions and Magee failed to intervene to stop Deputy Strong's allegedly unconstitutional conduct.

Wilson's reliance on *Durham* is misplaced. First, Wilson's complaint does not allege that Magee failed to intervene to halt Deputy Strong's actions or that Magee violated any of Wilson's constitutional rights by failing to intervene. *See GJR Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1367 (11th Cir.1998) ("[T]his circuit, along with others, has tightened the application

---

[5]By statute, an animal control officer in Florida "is not authorized to bear arms or make arrests...." Fla. Stat. ch. 828.27(1)(b).

of Rule 8 [of the Federal Rules of Civil Procedure] with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim."). Thus, Wilson's complaint did not allege with sufficient particularity a violation of the right she now claims was clearly established on the day of her arrest.

Second, "[i]n this circuit, the law can be "clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." *Jenkins,* 115 F.3d at 826 n. 4. In other words, Wilson cannot rely upon the Sixth Circuit's decision in *Durham* to show that Magee violated a clearly established legal duty. Wilson fails to cite, and we have not uncovered, any decision of the United States Supreme Court, the Eleventh Circuit, or the Florida Supreme Court which holds that a non-law enforcement officer, in circumstances materially similar to those here, has a duty to intervene to halt an unlawful arrest by a law enforcement officer.

Finally, the facts of *Durham*-hospital security guards beating a defenseless patient-are totally different from the facts of the instant case. *See Lassiter,* 28 F.3d at 1150 (stating that in determining whether a prior case creates a clearly established right, "[t]he facts [of the prior case] need not be the same as the facts of the immediate case. But they do need to be materially similar."). Thus, the Sixth Circuit's recognizing a duty to intervene on the facts in *Durham* in no way suggests that Magee should have known that her failing to intervene here was unlawful under the circumstances.

### III. CONCLUSION

For the reasons stated above, we conclude that Magee is entitled to qualified immunity on Wilson's Fourth and Fourteenth Amendment claims. Accordingly, we REVERSE the district court's denial of Magee's motion to dismiss those claims and REMAND to the district court for further proceedings.

REVERSED and REMANDED.