[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14327

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 22, 2010
JOHN LEY
CLERK

D.C. Docket No. 09-00180-CV-OC-GRJ

J.D. NETTLES, JR.,

Plaintiff-Appellant,

versus

CITY OF LEESBURG - POLICE DEPARTMENT,
WILLIAM CHRISMAN, Chief of Police,
SCOTT MACK, Officer,
A ROMAN, Officer,
FNU HOLTZCLAW, Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 22, 2010)

Before EDMONDSON, HILL and ALARCÓN,[*] Circuit Judges.

_____

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

ALARCÓN, Circuit Judge:

J.D. Nettles Jr. appeals from the order of the District Court for the Middle District of Florida dismissing with prejudice his Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to comply with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure. The City of Leesburg, William Chrisman, and Scott Mack ("Appellees") have filed a motion for sanctions against Nettles under Rule 38 of the Federal Rules of Appellate Procedure for filing a frivolous appeal. We affirm the dismissal of this action because we conclude that Nettles failed to state a claim upon which relief could be granted. We also deny the motion for sanctions filed by Appellees because we are not persuaded that Nettles's appeal was clearly frivolous.

I

On December 22, 2008, Nettles filed a Complaint against the Appellees in the Fifth Judicial Circuit in and for Lake County, Florida, pursuant to 42 U.S.C. § 1983, the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, et. seq., and Fla. Stat. § 768.01 et. seq. On January 20, 2009, Appellees filed a motion to dismiss this action pursuant to Rules 1.140 and 1.110(b) of the Florida Rules of Civil Procedure. Appellees asserted in their motion that

2

> [t]he Complaint fails to state a claim upon which relief can be granted under any of the legal "theories" or conclusory statements of law listed by the Plaintiff in the indecipherable Complaint. In addition to containing nothing more than conclusory allegations, there are insufficient allegations pled to give this Court jurisdiction over the Defendants, or over the alleged claims. There is no basis for State Court jurisdiction under 42 U.S.C. § 1983; proper jurisdiction for such claims is Federal Court.

(District Court's Dkt. No. 1 at 17). On March 9, 2009, the state court dismissed Nettles's Complaint for failure to state a cause of action and gave Nettles 20 days to file an Amended Complaint.

On March 20, 2009, Nettles filed an amended complaint. The Amended Complaint alleges as follows:

> 6. On December 2, 2005 Defendants violated the privacy and security of the Plaintiffs protected property under color of law by searching the plaintiff illegally, which led to the illegal arrest, which led to the illegal detention and confinement of plaintiff. Plaintiff was incarcerated for 2 years as a result of the false arrest. Arrest was overturned on appeal, document attached. Since the arrest was overturned on appeal, plaintiff has been subjected to systematic harassment. See attached complaint filed by Plaintiff. This is in accordance [with] the policies or customs of Leesburg Police to search for violations of law.

> 7. Failure to train and supervise- Defendants, Leesburg Police Department knows to a moral certainty that the individual Defendants will, in the course of official duties come in contact with the general public, and will have opportunity for the use and miss-use of his official office as it relates to the arrest requirements of the Fourth Amendment.

3

8.  Defendant, Leesburg Police Department has a moral and legal responsibility to train and supervise said Defendants in the proper performance of his duties for the protection of the Constitutional rights of the citizens with whom he may come in contact, and has failed to do so.  Defendant, Leesburg Police Department has displayed gross indifference to the Constitutional rights of the plaintiff and others in failing to properly train and supervise Defendant officers, with indifference and inaction has led to the violation of the Plaintiff's Constitutional rights and caused other damages.

9.  It is likely that proper training and supervision could have prevented the violation of the Plaintiffs protected rights, and that proper training and supervision in the future could prevent further similar violations.

10.  Intentional infliction of emotional distress, Plaintiff has suffered emotional anguish and harm as a result of the violation of his Constitutional rights under the Fourth and Fourteenth Amendments to be free from unlawful and unreasonable searches.  Plaintiff has and still is being harassed by the defendants and officers of the Leesburg Police Department see attached notarized statement of complaint made to Leesburg Police Department.

11.  Plaintiff is entitled to compensation under 42 U.S.C. 1983 and "The Florida Civil Rights Act of 1992" and FL Stat title XLV Chapter 768 Negligence for the damages suffered as a result of the violation of his federally protected rights.

(Amended Complaint at 1-2).  On April 27, 2009, Appellees removed the case to the United States District Court for the Middle District of Florida.  Because Appellees' motion to dismiss Nettles's Amended Complaint was pending in the state court at the time of removal, Appellees filed a memorandum of law, citing

Rule 12(b)(6) of the Federal Rules of Civil Procedure, in support of their motion to dismiss the Amended Complaint in the District Court on May 7, 2009. Appellees argued that

> [t]he allegations contained in the Amended Complaint are vague and conclusory, and render it difficult, if not impossible to determine what claims Plaintiff is attempting to plead. The Amended Complaint as drafted makes it particularly difficult to determine what claims are being alleged against the Individual Defendants. [] The Amended Complaint as drafted makes it impossible for any Defendant to appropriately respond to the allegations raised.

(District Court's Dkt. No. 8 at 2). On June 2, 2009, Nettles filed a response to Appellees' motion to dismiss the Amended Complaint.[1] In it, Nettles maintained that "the very first paragraph of the Amended Complaint contains the causes of actions." The first paragraph reads as follows: "Plaintiff, through the undersigned attorney being duly sworn files this complaint for Wrongful Arrest and Detention, Negligence, and Intentional Infliction of emotional distress." On June 3, 2009, the District Court granted Appellees' motion to dismiss Nettles's Amended Complaint. It ruled that "the amended complaint did not comply with Federal

---

[1]On the same date, Nettles filed a motion for summary judgment. He asserted that Appellees failed to dispute "any of the facts in this case in their responses" to Nettles's Amended Complaint. On June 3, 2009, the District Court denied Nettles's motion for summary judgment as premature. The District Court explained that Appellees "have not yet been required to file an answer to [Nettles's] Complaint or Amended Complaint, and therefore it is not possible at this time to determine what facts, if any, are in dispute. See Fed. R. Civ. 12(a)(4), (b)."

Rules of Civil Procedure 8(a) or 10(b)."[2]  The District Court gave Nettles 20 days

to file a Second Amended Complaint.

On June 22, 2009, Nettles filed a Second Amended Complaint.  The Second

Amended Complaint alleges that

> On December 2, 2005 [Appellees] violated the privacy and security of
> Plaintiff's protected property under color of law by searching the
> plaintiff illegally, which led to the illegal arrest, which led to the
> illegal detention and confinement of plaintiff.  Plaintiff was
> incarcerated for 2 years as a result of the false arrest.  Arrest was
> overturned on appeal, document attached.  Since the arrest was
> overturned on appeal, plaintiff has been subjected to systematic
> harassment.  See attached complaint filed by Plaintiff.  This is in
> accordance [with] the policies or customs of Leesburg Police to
> search for violations of law.

(Second Amended Complaint at 5).  On June 26, 2009, Appellees filed a motion to

dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) in which they

argued that

> [t]he Second Amended Complaint is practically identical to the
> original Complaint and contains the same pleadings deficiencies.  The
> Second Amended Complaint as a whole is nothing more than a
> hodgepodge of purported statements of law and conclusory
> allegations.  The Second Amended Complaint contains insufficient
> factual allegations to state a claim under any theory.

---

[2]Rule 12(a)(4) provides that the requirement in Rule 12(a)(1)(A) that a defendant must serve an answer within 21 days after being served with the summons and complaint is altered if a 12(b)(6) motion is filed.  Rule 12(b)(6) provides that a party may assert the "failure to state a claim upon which relief can be granted" by motion.

(District Court's Dkt. No. 16 at 1). Nettles did not file a response to the motion to

dismiss his Second Amended Complaint.

On July 22, 2009, the District Court dismissed Nettles's Second Amended

Complaint with prejudice. It reasoned as follows:

> A review of the Second Amended Complaint demonstrates that it still
> falls short of the requirements of Rules 8(a) and 10(b). Other than
> removing several paragraphs, the Second Amended Complaint is a
> verbatim recitation of the prior amended complaint, and does not
> provide any guidance as to the legal theories upon which relief is
> sought, *nor the factual basis for any of his requests for relief.*

(emphasis added). The district court also stated:

> [Nettles] has now been given three opportunities to file a complaint
> which complies with the applicable pleading rules. In each instance,
> the plaintiff has submitted almost an identical document with no
> attempt to correct any deficiencies. Providing any further chances to
> amend would therefore be futile and a waste of attorney and Court
> resources . . . . Moreover, [Nettles] has failed to respond to the
> [appellees'] latest motion to dismiss, which the Court interprets as
> acquiescence in dismissal of this case.

(District Court's order of July 22, 2009 at 2). Nettles did not file a motion for

reconsideration of the order dismissing the Second Amended Complaint, nor did

he request that the dismissal should be without prejudice.

Nettles filed a timely notice of appeal. This Court has appellate jurisdiction

pursuant to 28 U.S.C. § 1291.

## II

7

A

Nettles contends that the District Court erred in dismissing his Second Amended Complaint for failure to state sufficient facts to state a cause of action because "a person of average intelligence can understand the pleadings that the [district court] rejected." (Appellant's Br. at 15). Nettles argues that

> [he] deserves his day in court and deserves civil damages in accordance with the injuries he sustained [for] wrongful arrest, illegal detention, negligence, and intentional infliction of emotional distress he sustained from the [appellees] simply because [he] has a criminal background does not forfeit his civil rights and his redress of injuries.

(Id at 15-16). Nettles asserts that "[t]o dismiss a complaint because of the wording of the complaint is tantamount to a mere gesture of due process. In order to afford [him] with at least a measure of fundamental fairness he deserves an opportunity to be heard." (Id. at 19).

"We review a district court order granting a motion to dismiss *de novo*, applying the same standard as the district court." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citing *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "We therefore accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Id.* (citing *Wilson v. Strong*, 156 F.3d 1131, 1133 (11th Cir. 1998)).

"Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (citing Fed.R.Civ.P. 8(a)(2)). "To survive a 12(b)(6) motion to dismiss, the complaint 'does not need detailed factual allegations,' *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), but must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In *Twombly*, the Supreme Court explained that

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.*; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, *see* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) [] ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on [the assumption that all the] allegations in the complaint are true (even if doubtful in fact) . . . .

*Twombly,* 550 U.S. at 555 (footnote omitted).

Appellees contend in their responsive brief that the District Court did not err in dismissing the Second Amended Complaint with prejudice because Nettles failed to meet "the heightened pleading requirements under the Eleventh Circuit under 42 U.S.C. § 1983 . . . ." (Appellees' Br. at 5). However, as this Court explained in *Randall,* a heightened pleading standard for § 1983 cases involving qualified immunity was overruled by the Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). *Randall*, 610 F.3d at 705.[3] In *Randall*, this Court explained:

> Over two decades ago, "in an effort to eliminate nonmeritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims, we, and other courts . . . tightened the application of Rule 8 to § 1983 cases." *Arnold v. Bd. of Educ. of Escambia County*, 880 F.2d 305, 309 (11th Cir. 1989). Under this heightened pleading standard, plaintiffs were required to provide "some factual detail" in addition to plain statements showing that they were entitled to relief. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992). We found such additional factual detail useful in § 1983 cases in order to make qualified immunity determinations at the motion to dismiss stage and to prevent public officials from enduring unnecessary discovery.

---

[3] Appellees' responsive brief in this appeal was filed on February 26, 2010. *Randall* was decided by this Court on June 30, 2010. Thus, the District Court was required to follow the law of this Circuit that imposed a heightened pleading standard when it dismissed this action for failure to comply with Rule 8(a)(2) on July 22, 2009. *See McGinley v. Houston*, 361 F.3d 1328 (11th Cir. 2004) (under the principle of *stare decisis,* "[a] circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts.").

*Id.* However, "[a]fter *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." *Id.* at 710. Therefore, this Court must reject Appellees' argument that we must apply a heightened pleading standard in reviewing the merits of Nettles's contentions. The Supreme Court explained in *Iqbal* that

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [*Twombly,* 550 U.S.] at 555 [] (citing *Papasan*[,] 478 U.S. [at] 286, [] (1986)). A pleading that offers 'labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." [*Twombly,*] at 555 []. Nor does a complaint suffice if it tenders "naked assertion[s]' devoid of 'further factual enhancement." *Id.*, 557 [].

*Iqbal*, 129 S.Ct. at 1949.

Nettles's Second Amended Complaint alleges that Appellees are responsible for injuries he sustained because they "violated the privacy and security of Plaintiff's protected property under color of law by searching the plaintiff illegally, which led to the illegal arrest, which led to the illegal detention and confinement of plaintiff." Nettles failed to allege facts that supported his legal contentions that he was illegally searched and falsely arrested, as well as illegally detained and confined.

11

The District Court did not err in dismissing the Second Amended Complaint because Nettles failed to "provide any guidance as to the legal theories upon which relief is sought, nor the factual basis for any of his requests for relief." (District Court's Order of July 22, 2009 at 2).

B

Nettles also claims that the City of Leesburg Police Department is liable for failing to "train and supervise" the individual defendants. "[T]o sustain a 1983 action, a plaintiff must make a prima facie showing that the act or omission of a person acting under color of state law deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Cannon v. Taylor,* 782 F.2d 947, 949 (11th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, [appellant] cannot rely upon the theory of *respondeat superior* to hold [a government entity] liable." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)).

"'It is only when the 'execution of the government's policy or custom inflicts the injury' that the municipality may be held liable.'" *Id.* (citing *City of*

*Canton v. Harris*, 489 U.S. 378, 385 (1989)). "A [city] does not incur § 1983 liability for injuries caused solely by its employees." *Id.* (citing *Monell*, 436 U.S. at 694). "Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability." *Id.* (citing *Bd. of County Com'rs v. Brown*, 520 U.S. 397, 403 (1997)). "Instead, to impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Id.* (citing *Canton*, 489 U.S. at 388).

Nettles's Second Amended Complaint does not allege sufficient "factual content that allows the court to draw the reasonable inference" that the City of Leesburg Police Department is liable for any misconduct under § 1983. *Iqbal*, 129 S.Ct. at 1949. Nettles's legal conclusions of § 1983 liability by any of the Appellees are not supported by factual allegations.

## III

Nettles's Second Amended Complaint also alleges state law claims for negligence and intentional infliction of emotional distress. "[T]o state a claim for negligence under Florida law, a plaintiff must allege that the [Appellees] owed the

13

plaintiff a duty of care, that [Appellees] breached that duty, and that the breach caused plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). To state a claim for intentional infliction of emotional distress, a plaintiff must show: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990). Nettles's Second Amended Complaint lacks any factual allegations to support his claim for negligence or intentional infliction of emotional distress. The state law claims alleged in his Second Amended Complaint contain solely legal conclusions. They do not comply with the pleading requirements set forth in *Iqbal*. The District Court did not err in concluding that Nettles failed to allege sufficient facts regarding his state law claims upon which relief could be granted.

IV

Appellees filed a motion for sanctions against Nettles in this Court pursuant to Rule 38 of the Federal Rules of Appellate Procedure for filing this appeal. In their Rule 38 motion, Appellees argue that the "[b]rief filed by Nettles in the instant case is frivolous in nature and sets forth no logical or legal basis for relief from the District Court's Judgment." (Appellees' motion for sanctions at 8).

14

Rule 38 provides that: "[i]f a court of appeals determines that an appeal is frivolous, it may, *after separately filed motion* or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38 (emphasis added). "'Rule 38 sanctions have been imposed against appellants who raise 'clearly frivolous claims' in the face of established law and clear facts.'" *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003) (quoting *Misabec Mercantile, Inc. de Panama v. Donaldson, Lufkin & Jenrette ACLI Futures, Inc.*, 853 F.2d 834, 841 (11th Cir. 1988)). For purposes of Rule 38 sanctions, a claim is frivolous if it is "utterly devoid of merit." *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393 (11th Cir. 1993).

As discussed above, we have concluded that the District Court did not err in determining that Nettles's counsel failed to comply with the requirements for pleading claims upon which relief can be granted pursuant to Rule 12(b)(6). However, we are also mindful of the fact that the law regarding the requirements of Rule 8 of the Federal Rules of Civil Procedure in § 1983 cases was still evolving and unsettled at the time the parties filed their briefs in this Court. Prior to June 30, 2010, "in an effort to eliminate nonmeritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims, we, and other courts . . . tightened the application of Rule 8 to § 1983 cases."

15

*Randall*, 610 F.3d at 705 (quoting *Arnold*, 880 F.2d at 309). "Under this heightened pleading standard, plaintiffs were required to provide 'some factual detail' in addition to plain statements showing that they were entitled to relief." *Id.* (quoting *Oladeinde*, 963 F.2d at 1485). In their motion for Rule 38 sanctions, Appellees relied, in part, on a heightened pleading standard that is no longer good law. While we have determined that Nettles has failed to demonstrate that he pled sufficient facts to state a claim upon which relief can be granted, pursuant to *Iqbal* and *Randall*, we are not persuaded that his appeal is clearly frivolous in light of this Circuit's recent rejection of the heightened pleading standard. On the date it ordered the dismissal of this action for failure to state a claim upon which relief could be granted, the District Court was required to determine whether the Second Amended Complaint met a heightened pleading standard. As this Court explained in *Randall*, after the notice of appeal was filed, adherence to that standard is erroneous.[4]

---

[4]As noted above, after Appellees filed their motion for Rule 38 sanctions, this Court held that the heightened pleading standard was no longer good law. We regret that counsel for Appellees failed to file a letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure notifying us that, in dismissing Nettles's Second Amended Complaint, the District Court applied a heightened pleading standard that was subsequently rejected by this Court. Assuming that Appellees failed to advise this Court that they had cited precedent in their responsive brief that had been overruled because they failed to discover this in preparing for oral argument, this omission has caused this Court to expend precious time and effort to learn that at least some of Appellees' legal contentions are contrary to the law of this Circuit.

16

CONCLUSION

The District Court did not err in dismissing this action with prejudice.

Nettles was given three opportunities to file a complaint that complied with the

applicable pleading requirements of Rule 8. His amendments failed to correct the

deficiencies in his Complaint. Nettles's Second Amended Complaint does not

contain "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Furthermore, Nettles did not

respond to the Appellees' last motion to dismiss nor did he object to the District

Court's dismissal. Nettles did not file a motion for reconsideration nor did he

request leave from the District Court to amend his Complaint. This Court has held

that a "district court is not required to grant a plaintiff leave to amend his

complaint *sua sponte* when the plaintiff, who is represented by counsel, never

filed a motion to amend nor requested leave to amend before the district court."

*Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

We AFFIRM the District Court's judgment and DENY Appellees' motion

for sanctions.