[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

No. 11-11588

_____

D. C. Docket No. 1:09-cv-03306-CAP

RAOUL LYNCH,

                                          Plaintiff-Appellant,

                        versus

SHERIFF THEODORE JACKSON,
Individually,
CHARLES FELTON,
Individually, et al.,

                                          Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 5, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and RESTANI,* Judge.

_____

* Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

PER CURIAM:

This case involves a prisoner civil rights claim under 42 U.S.C. § 1983 by Raoul Lynch ("Appellant" or "Plaintiff") against Fulton County, Sheriff Theodore Jackson, Chief Jailor Charles Felton, Dr. Valerie Smith, Dr. Roy Brooks, and Dr. Raymond Williams (collectively "Appellees" or "Defendants")[1] for allegedly violating the U.S. Constitution as well as negligence claims for failing to appropriately care for Lynch's periodontal disease. We affirm the judgment of dismissal of the district court.

## BACKGROUND

Because the district court granted Defendants' motion to dismiss on all but one of Plaintiff's claims, we will treat the alleged facts as true as set forth in the Plaintiff's Second Amended Complaint ("Complaint") and draw all reasonable inferences in the Plaintiff's favor. Wilson v. Strong, 156 F.3d 1131, 1133 (11th Cir. 1998). Dr. Smith, Dr. Brooks, and Dr. Williams work for Correctional Medical Associates, Inc. ("CMA"), the contractual provider of medical and dental services for Fulton County Jail.

In June 2008 Lynch became a pre-trial detainee in the custody of the Fulton

---

[1] The original action also named Sargent Angela McCoy, John Doe, Jane Doe, Lieutenant Daisy Forbes, and Health Services Director George Herron. The district court dismissed claims against these defendants from the action and Lynch has not appealed those dismissals.

2

County Jail.  Lynch immediately informed Defendants that he had periodontal disease, which caused Lynch serious pain, his teeth to loosen, and his gums to bleed.  Lynch met with Dr. Williams, Dr. Brooks, or Dr. Smith on at least seven occasions over the first six months of his incarceration.  Although Lynch asked Defendants to treat his periodontal disease, Defendants informed Lynch on three occasions that "nothing would be done to treat his periodontal disease," that Defendants could not treat his periodontal disease at the jail, and that he would have to wait until after his release to receive treatment.  Defendants declined Lynch's offer to pay for an outside specialist himself.  Dr. Smith recommended that Lynch have at least four of the offending teeth removed.  After two of the four teeth had been removed, Lynch declined further treatment.  Lynch continued to seek surgical treatment, which Lynch characterized as "(1) pocket reduction procedures; (2) regenerative procedures; (3) crown lengthening; (4) or soft tissue grafts."  Lynch also sought non-surgical treatment including "scaling and root planning . . . , followed by adjunctive therapy . . . ."  Although Defendants denied Lynch access to such treatments,[2] no medical provider prescribed any of the above

---

[2] We note for the purposes of the claim adjudicated on a motion for summary judgment that Dr. Smith stated in her affidavit, submitted along with Defendants' motion for summary judgment, that Dr. Brooks performed scaling and root planting, a form of pocket depth reduction, on Lynch.

3

treatments.

Lynch submitted administrative grievances which were denied. Lynch filed this action in the Superior Court of Fulton County. Defendants moved for dismissal in state court and removed the action to federal court. The district court screened Lynch's complaint pursuant to 28 U.S.C. § 1915A. The district court granted Defendants' motions to dismiss on all claims except for Lynch's constitutional claims against Jackson and Felton. The district court then granted Defendants' motion for summary judgment on the remaining claim. Lynch now appeals the district court's decisions.

## JURISDICTION & STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294. We review de novo a district court's grant of a motion to dismiss. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). We review de novo a district court's grant of summary judgment, viewing the record and drawing all inferences in a light most favorable to the non-moving party. Bashir v. Rockdale Cnty., 445 F.3d 1323, 1326–27 (11th Cir. 2006).

## NEGLIGENCE CLAIMS

Lynch argues that the district court erred when it granted Defendants' motion to dismiss because, 1) Lynch should not be required to submit an affidavit

from a doctor when asserting a claim of negligence,[3] and 2) the district court improperly characterized Felton's and Jackson's actions as discretionary rather than ministerial.  Because claims of professional negligence require more than broad assertions to establish plausibility and the district court properly found the actions were discretionary, we affirm the district court.

Lynch contends that the district court erred in dismissing his claim for negligence against Dr. Williams, Dr. Brooks, and Dr. Smith by requiring Lynch to submit an affidavit from a dental professional.  If this case had remained in Georgia state court, Lynch would have been required to accompany his claim with an expert affidavit at the time of filing.  See O.C.G.A. § 9-11-9.1(a).  Although the case has been removed to federal court and federal procedural rules apply, Plaintiff must still comply with federal pleading requirements.  On a Rule 12(b)(6) motion to dismiss, the plaintiff has an obligation to provide the grounds for his entitlement to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  Where a claim for professional negligence is made, "such a claim

---

[3] Lynch does not put forth a meaningful argument contesting the district court's finding regarding negligence per se before this court.  To the extent Lynch appeals the district court's dismissal of his negligence per se claim, we affirm the district court's determination that no statutory violation took place.

5

requires a complaint with enough factual matter (taken as true) to suggest" at least one negligent professional act or omission. See id. at 556. Lynch's allegation is that "Defendants . . . deliberately failed to provide medical care" and that "[a]dequate treatment for periodontal disease required Mr. Lynch to have surgery." Where treatment is offered and refused, as is the case here, Plaintiff must do more than proffer his own opinion regarding the validity of the actions of medical professionals. Because Lynch has not put forth non-conclusory statements that the doctors were professionally negligent,[4] the district court correctly dismissed Lynch's Complaint against the doctors for negligence in both their official and individual capacities.

Lynch argues that the district court erred when it characterized Felton's and Jackson's actions as discretionary rather than ministerial in dismissing Lynch's negligence claims against the sheriff and chief jailor in their official capacities on the basis of sovereign immunity. Public officials, like Felton and Jackson, have sovereign immunity when sued in their official capacity, provided defendants are exercising discretionary rather than ministerial functions. See Gilbert v.

---

[4] Before the district court, Lynch argued that his claim was not for professional negligence, but merely negligence. The district court treated Lynch's claims against the doctors as claims for professional negligence. Because Lynch does not now contest this treatment, we see no reason to disturb the finding of the district court on this issue.

6

Richardson, 452 S.E.2d 476, 479 n.4 (Ga. 1994) (noting that claims against a sheriff in his official capacity enable the sheriff to raise any defense available to the county, including sovereign immunity). "Providing adequate medical attention for inmates under defendants' custody and control is a ministerial act," but "the determination of what medical treatment to provide is an act of discretion subject to official immunity." Cantrell v. Thurman, 499 S.E.2d 416, 421(Ga. Ct. App. 1998) (finding no sovereign or official immunity where "plaintiff contended that it was the failure to provide adequate medical care that created liability and not the choice of treatment"). Furthermore, where liability is based on the official as a policymaker, that official is protected by sovereign immunity unless his "failure to adopt other or additional [policy] requirements" shows malice or intent to injure. Middlebrooks v. Bibb Cnty., 582 S.E.2d 539, 544 (Ga. Ct. App. 2003) (finding the failure to alter a policy leaving inmate monitoring to the personal judgment of the deputies to be discretionary and not ministerial). Because Felton and Jackson and the underlying policy provided for adequate medical attention in the form of tooth extraction, the district court did not err when it found that Felton and Jackson had sovereign immunity from Lynch's negligence claims.[5]

---

[5] Lynch does not challenge the district court's dismissal of his negligence claims against Felton and Jackson in their individual capacities.

7

## CONSTITUTIONAL CLAIMS

Lynch argues that the district court erred when it granted Defendants' motion to dismiss because: Fulton County's contract with CMA was facially unconstitutional, and doctors Smith, Brooks, and Williams were operating under the color of law. Lynch also contends that the district court erred in granting Defendants' motion for summary judgment because Felton and Jackson were liable for supervising CMA's policy and Felton and Jackson were deliberately indifferent to Lynch's medical needs.

Lynch claims that the district court erred by dismissing his claim against Fulton County on the basis that the contract was not facially unconstitutional. Lynch "must establish that no set of circumstances exists under which the Act would be valid," United States v. Salerno, 481 U.S. 739, 745 (1987), and that there is "an excessive risk of serious harm to inmates just because the policy exists," Marsh v. Butler Cnty., 268 F.3d 1014, 1036 (11th Cir. 2001) (en banc) (holding that a policy of releasing sick or injured inmates was not facially unconstitutional because it was not obviously a danger to inmates). Here, although Lynch notes his own risk of harm, with regard to the policy he asserts nothing more than that the dentists at Fulton County Jail informed him that "nothing would be done to treat his periodontal disease" and that "it was against Fulton County policy to clean

teeth prior to one year of incarceration." Lynch made no reference to the policy vis-à-vis the treatment offered (extraction) and the treatment Lynch believes he deserved (enumerated surgical and non-surgical procedures). The allegation that the Fulton County Jail policy did not allow any treatment for periodontal disease except for tooth extraction is unsupported by the Complaint.[6] Additionally, at oral argument, Lynch did not contest Defendants' assertion that CMA doctors could always recommend treatment not provided for in the contract. Thus, Lynch has failed to state a claim that Fulton County Jail's dental policy and contract with CMA are facially unconstitutional.[7]

Lynch claims that the district court erred when it dismissed his claims against the three doctors in their individual capacities because the district court incorrectly determined that the doctors were not operating under the color of state law. We need not reach the color of law issue because the district court correctly found no deliberate indifference. To bring an action under 42 U.S.C. § 1983 for a violation of a prisoner's Eighth Amendment rights to be free from cruel and

[6] Lynch does make such assertions in his brief. Yet in his brief Lynch seems to derive all his facts from the record at summary judgment.

[7] Lynch does not challenge the district court's dismissal of his § 1983 claims against the Defendants in their official capacities. Lynch's arguments focus solely on the portions of the district court opinions addressing Lynch's claims against Defendants in their individual capacities. Thus, the district court's dismissal of the claims against Defendants in their official capacities is affirmed.

unusual punishment, a prisoner must show an objectively serious medical need and "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (finding that district court improperly granted summary judgment because a fifteen-month delay in medical treatment for painful, bleeding gums constituted deliberate indifference). Serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted), overruled in part on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 n. 9 (2002)). Deliberate indifference is "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Where medical treatment provided is "minimally adequate," no deliberate indifference exists. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991) (finding that a simple difference in medical opinion between the prisoner and the medical staff did not support a claim of cruel and unusual punishment). The district court found that Lynch had "allege[d] nothing to show that, in deliberate indifference to his needs, they declined

10

providing him with treatment that they had the authority to provide." Here, even on the facts of the Complaint, a tension exists between the two treatments prescribed—waiting or having the offending teeth extracted—and the prisoner's own medical opinion. Although there may have been medical need, Lynch was offered adequate treatment and refused that treatment. Moreover, Lynch fails to make a non-conclusory assertion that the tooth extraction was not only not adequate treatment, but not the best possible treatment. Lynch cannot claim the constitutional violation lies in delay when Lynch himself caused the delay in refusing adequate treatment. Because only a difference in opinion exists, Lynch's Complaint does not support a claim that his constitutional rights were violated by the dentists.[8]

Lynch contends that the district court erred in granting Defendants' motion for summary judgment because Felton and Jackson were deliberately indifferent to Lynch's medical needs. Prison officials who rely on medical personnel for the clinical determinations lack the requisite knowledge for deliberate indifference, absent evidence that clinical determination were unreliable. See Howell v.

---

[8] There may be situations where tooth extraction does not constitute adequate treatment. See, e.g., Stack v. McCotter, 79 F. App'x 383, 390 (10th Cir. 2003) (unpublished) (finding that directors in Utah's Department of Corrections were deliberately indifferent because the contractor's entire dental policy was extraction-only). Lynch has not alleged any specific facts here that would permit us to interpret a doctor's medical opinion that teeth should be extracted as anything other than adequate treatment.

11

Burden, 12 F.3d 190, 191, 194 (11th Cir. 1994) (finding that a prison official was deliberately indifferent where he had responsibility over doctors and inmates and did not provide what doctors saw as the necessary services to medically control the inmate's disease). Here, Doctor Smith testified "the state of Lynch's teeth when he entered the jail precluded any alternative treatment, other than to pull out the teeth." Smith added that "the state of Raoul Lynch's teeth precluded the application of alternative treatments including bone grafting, regenerative procedure, and soft tissue grafting." Another dentist thought that treatment could wait until after the prisoner had been released. Lynch offers no evidence that these clinical determinations were incorrect or unreliable. Assuming Felton and Jackson were aware of Lynch's condition, Defendants permissibly relied on the doctors' opinions that treatment could either wait or that adequate treatment had been offered and refused.

Lynch argues that Felton and Jackson were liable for violating Lynch's constitutional rights by supervising CMA's policy. Supervisory theory of liability requires participation in the alleged constitutional violation or a causal connection between the actions of the supervising official and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671(11th Cir. 1990) (finding that a widespread history of infested drinking water and inmates sleeping on the floor

12

could be sufficient to notify the director of the jail of the conditions and hold him liable as a supervisor, but that such a history did not exist); see Adams v. Poag, 61 F.3d 1537, 1546 (11th Cir. 1995) (finding that the prison official's procedures for tracking the medical progress of prisoners did not constitute deliberate indifference). Here, the policy at issue is not facially unconstitutional or otherwise responsible for Lynch's alleged deprivation of treatment. Although certain services may not be provided by the Fulton County Jail, CMA's contract and the Fulton County Jail policy provide for dental surgery where a dental professional believes it necessary. Lynch has pointed to no evidence to the contrary. Because the policy provided for adequate care, Felton and Jackson cannot be held liable under a supervisory theory.

## CONCLUSION

For the aforementioned reasons, the district court's judgment in favor of Defendants is **AFFIRMED**.